IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOHN R. LESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: |
| ) | |
| ) | CV412-250 |
| COLONIAL PROPERTIES ) | |
| TRUST, INC. ) | |
| Defendant. ) | |

## COMPLAINT

This action is brought by Plaintiff, John Lester, a former employee of Defendant Colonial Properties Trust, Inc. (hereinafter "Colonial") for violations under 29 U.S.C. §201 et seq. the Fair Labor Standards Act ("FLSA").

### I.  JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of the federal claims asserted in this action under 28 U.S.C §§1331 1332 1337, 1338, 1343(a)(4) 1367 and 29 U.S.C. §255, 216.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as Defendant conducts business in this District and as a substantial part of the events or omissions giving rise to the claims occurred in this District.

3. Jurisdiction is specifically conferred on the Court by 28 U.S.C. §201 et seq.

### II.  PARTIES

4. Plaintiff John Lester (hereinafter "Plaintiff Lester") is a resident of Effingham County, Georgia, in the Southern District of Georgia, and is a citizen of the United States.

5. Plaintiff was employed by Defendant at the Colonial Village at Greentree (hereinafter "Greentree") in Savannah, Chatham County, GA.

1

6. Plaintiff was employed to manage the property located at Greentree until August 20, 2010.

7. During his employment, the Defendant willfully failed and refused to pay overtime pay in the amount in excess of $10,000.

8. Defendant Colonial may be served by serving its registered agent: CT Corporation System, 1201 Peachtree St, Atlanta, GA 30361.

### III.   STATEMENT OF CLAIMS

9. This is a claim for declaratory and injunctive relief for defendant's willful and unlawful violation of Lester's right to overtime pay under the FLSA.

10. Mr. Lester is entitled to income in excess of $10,000.00 as a result of the willful failure and refusal of Defendant to pay him overtime.

11. Mr. Lester is also entitled to liquidated damages in the same amount of his overtime compensation as well as an award of post-judgment interest, reasonable attorney's fees and costs pursuant to 29 U.S.C. §216 (b).

### IV.   GENERAL ALLEGATIONS

Violations of FLSA

12. Plaintiff was hired by Defendant as a maintenance manager on December 21, 2009 at the Greentree property.

13. Defendant's agent, Lucy Walker was a regional Manager for Defendant.

14. Catherine Caulder was Plaintiff's supervisor and was the property manager.

15. Catherine Caulder required the Plaintiff and other employees to clock out and then continue to work "off the clock."

16. Plaintiff was required to clock out and work off the clock as a term and condition of his continued employment.

17. Defendant's requirement that Plaintiff and others clock out and continue to work demonstrates that Defendant knew and showed reckless disregard for Plaintiff's rights to overtime pay.

18. Plaintiff called Lucy Walker and made a report about the pay violation.

19. Catherine Caulder was written up by Lucy Walker.

20. Subsequently, Caulder retaliated against the Plaintiff and terminated Plaintiff's employment.

21. Defendant's conduct in requiring the Plaintiff and others to clock out and continue to work was clearly prohibited by the FLSA and demonstrates willful violation of said statute.

## V.    CAUSES OF ACTION

### COUNT ONE

### VIOLATION UNDER FLSA

22. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in paragraphs 1 through 21 as if set forth herein.

23. Plaintiff Lester has suffered actual damages in the form of lost wages as a result of the willful failure and refusal to pay the Plaintiff and others overtime pay.

### COUNT II

### ATTORNEY'S FEES

24. Plaintiff Lester adopts and incorporates by reference paragraphs 1-23 as if fully set forth herein.

25. Plaintiff Lester seeks an award of attorney's fees from Defendant in this action.

26. Defendant has been unnecessarily contentious; and has caused Plaintiff Lester additional attorney's fees and costs. Plaintiff Lester is therefore entitled to recover from Defendant

the expenses of this litigation, including but not limited to reasonable attorney's fees and costs.

27. Plaintiff Lester seeks and is entitled to an award of his attorney's fees and cost pursuant to 29 U.S. C. 216 (b).

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Lester prays that process issue according to law and demands judgment against Defendants as follows:

a) All damages that may be awarded under the FLSA;

b) General compensatory damages including interest;

c) Special damages;

d) Liquidated damages;

e) Money damages for Plaintiff's lost income;

f) Injunctive relief preventing and prohibiting Defendant from engaging in their present practices in violation of the law cited herein;

g) Reasonable attorney's fees expenses and costs pursuant to 29 U.S.C. 216(b); and

h) Such other further and different relief as this Court deems just and proper.

Respectfully submitted this 5th day of October, 2012.

/s/ Gwendolyn Fortson Waring
Gwendolyn Fortson Waring
Georgia Bar Number: 270110
221 W. 31st Street
Savannah, GA 31401
(912) 477-5590 TEL
(912) 238-0207 FAX
gfwaring@aol.com

**ATTORNEY FOR PLAINTIFF**

State of Georgia        )

County of   Chatham   )

## VERIFICATION

Comes Now, John Lester, who states that the allegations set forth in Plaintiff's Complaint are true and correct.

This 15th day of September, 2012.

John Lester

Sworn to and subscribed this
15th day of September, 2012

Notary public

[Notary seal: JOHANNA ROMERO, NOTARY PUBLIC, CHATHAM COUNTY, GA, My Comm. Exp. April 7, 2014]