## **SETTLEMENT AGREEMENT AND GENERAL RELEASE**

1. In exchange for John R. Lester's execution of this release and his compliance with its terms, Colonial Properties Trust, Inc. agrees to pay John R. Lester Nine Thousand Four Hundred and No/100 Dollars ($9,400.00), plus Three Thousand Six Hundred and 00/100 Dollars ($3,600.00) in attorney's fees and expenses, to be allocated as follows:

   (a) Four Thousand Seven Hundred and 00/100 Dollars ($4,700.00) as claimed wage-based compensatory damages, less applicable ordinary withholdings and deductions, in the form of a payroll check made payable to John R. Lester;

   (b) Four Thousand Seven Hundred and 00/100 Dollars ($4,700.00) for other damages in the form of a check made payable to John R. Lester, from which no withholdings shall be made and a 1099 shall be issued; and

   (c) Three Thousand Six Hundred and 00/100 Dollars ($3,600.00) for attorney's fees and costs ($3,250.00 in attorney's fees and $350.00 in fees) in the form of a check made payable to John R. Lester's counsel, Gwendolyn Fortson Waring. Colonial Properties Trust, Inc. agrees that the attorney's fees and costs herein are reasonable, voluntarily agrees to pay them as part of this Release, and does not and will not oppose attorney's fees and costs in the amount of $3,600.00.

2. In consideration of the payment described in paragraph 1, the sufficiency of which is hereby acknowledged, and other good and valuable consideration, the undersigned, John R. Lester, does hereby release, acquit and discharge Colonial Properties Trust, Inc., its parent(s), any related or affiliated companies, members, subsidiaries, assigns, predecessors or transferees, insurers, and all of their present and former directors, officers, employees, servants, agents, partners and members (hereinafter "Colonial") from any and all claims whatsoever of any kind or nature, known or unknown, arising out of or in any way connected with any employment relationship between John R. Lester and Colonial and any and all claims for pay, damages, or any other relief which were, might or could have been asserted in the civil action filed in the United States District Court for the Southern District of Georgia, styled <u>John R. Lester v. Colonial Properties Trust, Inc.</u>, civil action number CV412-250, or, which were, might or could have been asserted in any court or before any administrative agency under any of the following federal, state or local statutes, laws, rules and/or ordinances: the Civil Rights Act of 1991; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1866; the Americans with Disabilities Act; the ADA Amendments Act; the Age Discrimination in Employment Act; the Rehabilitation Act of 1973; the Family and Medical Leave Act; the Employee Retirement Income Security Act of 1974; the Equal Pay Act; the Lilly Ledbetter Fair Pay Act; the Fair Labor Standards Act; the Genetic Information Nondiscrimination Act; the Vietnam Era Veterans' Readjustment Assistance Act; the Uniformed Services Employment and Reemployment Rights Act of 1994; the Worker Adjustment and Retraining Notification Act; the Fair Credit Reporting Act; the Immigration Reform and Control Act of 1986; the Occupational Safety and Health Act of 1970; the Employee Polygraph Protection Act; and any amendments to any of the foregoing; or any other federal, state, or local statute, regulation, ordinance, or common law, including without limitation the United States Constitution, the Constitution of the State of Georgia, and

any law related to pay, discrimination, terms and conditions of employment, or termination of employment, to the full extent that such a release is allowed by law.

     3.     John R. Lester acknowledges that he is aware of his rights under the laws specifically and generally described in paragraph two and that he waives those rights to the full extent that waiver is allowed by law.

     4.     John R. Lester acknowledges that this settlement is contingent on the Court's approval of the settlement of his claims. He further agrees that he will return all consideration provided to him if the Court does not approve the settlement.

     5.     John R. Lester acknowledges that the payment and other consideration described in paragraph one shall not be considered an admission of liability or guilt in any manner whatsoever but is solely for the purpose of resolving doubtful and disputed claims and litigation, and that the payment also represents payment in full satisfaction of all claims for back pay, liquidated damages, compensatory and punitive damages, including claims for physical injury, costs and expenses.

     6.     John R. Lester acknowledges that he has received all pay due to him.  He further acknowledges and agrees that any tax consequence resulting from the payment described above is solely his responsibility, and he further agrees to indemnify Colonial or any insurers for any tax liability, penalty or interest that Colonial or any insurers may incur as a result of the payment described above.

     7.     In consideration of the payment described in paragraph one, John R. Lester agrees to the dismissal with prejudice of the civil action described above, and to neither institute nor in any manner voluntarily participate in, as a class member or otherwise, any civil action against Colonial which is now pending or may hereafter be brought that concerns any matter encompassed by this release.

     8.     In the event that Colonial commences legal action to enforce the terms of this release and prevails in the action, John R. Lester agrees that he shall be liable for and must pay the expenses, costs and reasonable attorney's fees that Colonial incurs in the action.

     9.     In consideration of the payment above, John R. Lester further agrees not to seek rehire, reinstatement, or employment with Colonial, its parents, subsidiaries, successors, and any related companies.

     10.     If a court deems any provision of this agreement to be illegal, invalid or unenforceable, in whole or in part, it shall not affect the legality, validity or enforceability of the remainder of such provision or any other provision of this agreement, which shall survive and remain enforceable.

     11.     The following subparagraphs (a)-(d) apply solely to John R. Lester's waiver of rights and claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"): (a) John R. Lester does not waive rights or claims that may arise under the ADEA

after he executes this agreement and release; (b) John R. Lester is advised to consult with an attorney before executing this release; (c) John R. Lester has twenty-one (21) days to consider his waiver of rights and claims under the ADEA; and (d) John R. Lester may revoke his waiver of rights and claims under the ADEA during a period of seven (7) days following his execution of this release, but if he exercises his right to revoke, he must return fifty percent (50%) of all consideration provided by Colonial in exchange for this agreement and release, or Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00).  Such revocation shall be ineffective unless it is communicated to Colonial within seven (7) days after the date of his execution of this release.

12. If any provision of this agreement imposes a condition precedent, a penalty or any limitation adversely affecting John R. Lester's right to challenge the validity of the agreement, or any portion thereof, such provision does not apply to any dispute about the validity of this agreement, or any portion thereof, as it relates to the ADEA or the Older Workers Benefit Protection Act, both as amended.

13. This instrument constitutes the entire agreement between the parties.  Neither party shall be bound by any terms, conditions, statement or representations, oral or written, not herein contained.  John R. Lester hereby acknowledges that in executing this agreement and release he has not relied on or been induced, persuaded or motivated by any promise or representation made by Colonial, unless expressly set forth herein and that Colonial has not made any promise or representation unless expressly set forth herein.  All previous negotiations, statements and preliminary instruments by the parties or their representatives are merged in this agreement and release.

**I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, I FULLY UNDERSTAND ITS TERMS, I HAVE CONSULTED WITH OR HAVE HAD THE OPPORTUNITY TO CONSULT WITH MY ATTORNEY ABOUT IT, AND I HAVE SIGNED IT VOLUNTARILY THIS _____ DAY OF _____, 2013.**

_____
John R. Lester